IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
CINCINNATI DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) Case No. 1:22-cv-752 |
| v. | ) ) |
| RICK A. HOPKINS; LAURA S. HOPKINS, f/k/a LAURA L. STOKES; FIFTH THIRD BANK, NATIONAL ASSOCIATION; HAMILTON COUNTY AUDITOR; and STATE OF OHIO, DEPARTMENT OF TAXATION, | ) ) ) ) ) ) ) |
| Defendants. | ) ) |

**COMPLAINT**

The United States of America, at the direction of a delegate of the Attorney General and with the authorization of a delegate of the Secretary of the Treasury, pursuant to 26 U.S.C. § 7401, brings this civil action to (1) reduce to judgment unpaid federal tax liabilities owed by Rick A. Hopkins and Laura S. Hopkins and (2) enforce the federal tax liens against certain real property belonging to them. For its complaint, the United States alleges as follows:

**JURISDICTION, PARTIES, AND PROPERTY**

1.  The district court has jurisdiction pursuant to 26 U.S.C. §§ 7402(a) and 7403, and 28 U.S.C. §§ 1331, 1340, and 1345.

2.  The defendant Rick A. Hopkins resides in Hamilton County, Ohio, within the jurisdiction of this Court.

3.  The defendant Laura S. Hopkins, formerly known as Laura L. Stokes, resides in Hamilton County, Ohio, within the jurisdiction of this Court.

4. The defendant Fifth Third Bank, National Association is joined as a party because it may have a lien or claim an interest in the property described below.

5. Defendant Hamilton County Auditor is joined as a party because, as the local taxing authority, it may have a lien or claim an interest in the property described below and to place it on notice of this Court's jurisdiction over the property such that any local tax liens that have priority over federal tax liens under 26 U.S.C. § 6323(b)(6) will be satisfied in a judicial sale under this Court's authority but that the property may not be sold under other procedures during the pendency of this action.

7. Defendant State of Ohio, Department of Taxation, is joined as a party because it may have a lien or claim an interest in the property described below.

8. The real property upon which the United States seeks to enforce its tax liens (the "Real Property") is located at 3624 Victoria Lane, Cincinnati, Ohio 45208 and has a legal description as follows:

> Situated in the City of Cincinnati, Hamilton County, Ohio and being Lot Number One Hundred and Forty-Five (145) of the Kilgour Farm Second Subdivision as shown thereof on the plat thereof recorded in Plat Book 31, Page 84 in the Office of the Recorder of Hamilton County, Ohio.
>
> Said real estate is hereby conveyed subject to a perpetual easement for driveway purposes for ingress and egress over the South four (4) feet of said property extending back eastwardly from Portsmouth Avenue (now Victoria Lane), a sufficient distance to afford ingress and egress for driveway purposes over the common driveway as now constructed on said premises, this easement being for the benefit of the property next adjoining said above property on the north.
>
> And the grantor herein also conveys to the grantees herein, their heirs and assigns a perpetual easement over a strip of ground four (4) feet in width from north to south, and lying next south of the property described above and extending back eastwardly from Portsmouth Avenue (now Victoria Lane) a sufficient distance to afford a common driveway between the above described property and the property lying next South of it, for access to the garage now constructed on said property.

> The real estate hereby conveyed is also conveyed subject to the following restriction which shall run with the land and shall be binding upon said grantee, her heirs and assigns, namely:
>
> No malt or spiritous liquors or intoxicating drinks of any kind shall ever be sold upon said property or any part thereof.

Meaning to describe the property conveyed to Rick A. Hopkins and Laura Louise Stokes, by general warranty deed of Douglas L. Subotnik, unmarried, dated July 31, 1996, and recorded with the Hamilton County Recorder as document number 788883, at Book 7120, Pages 912-913, on August 5, 1996.

## COUNT ONE
### (Claim Against Rick A. Hopkins to Reduce Income Tax Liabilities to Judgment)

9.  A delegate of the Secretary of the Treasury made assessments against Rick A. Hopkins for income taxes for the periods, on the dates, and in the amounts described below. These liabilities have balances due as of November 15, 2022, including assessed and accrued late-filing and late-payment penalties under 26 U.S.C. § 6651 or penalties for failure to make estimated tax payments under 26 U.S.C. § 6654, costs, and statutory interest, and after applying any abatements, payments, and credits, as follows:

| Tax Period Ending | Assessment Date | Assessment Type | Amount Assessed | Balance Due 11/15/2022 |
|---|---|---|---|---|
| 12/31/2006 | 1/7/2013 | Income Tax | $12,941.05 | $28,227.58 |
| 12/31/2007 | 2/18/2013 | Income Tax | $11,015.79 | $24,162.90 |
| 12/31/2008 | 2/18/2013 | Income Tax | $7,945.11 | $15,441.71 |
| 12/31/2009 | 2/18/2013 | Income Tax | $1,663.55 | $3,150.22 |
| 12/31/2010 | 2/18/2013 | Income Tax | $7,492.75 | $13,676.47 |
| 12/31/2011 | 2/18/2013 | Income Tax | $6,860.64 | $12,275.64 |
| 12/31/2012 | 5/14/2015 | Income Tax | $5,019.47 | $8,594.54 |
| 12/31/2013 | 5/14/2015 | Income Tax | $3,848.95 | $6,406.85 |
| 12/31/2014 | 11/30/2015 | Income Tax | $5,253.00 | $8,508.47 |
| **Total** | | | | $120,444.38 |

10. Notice of the liabilities described in paragraph 9 was given to, and payment demanded from, Rick A Hopkins.

11. Despite proper notice and demand, Rick A. Hopkins failed, neglected, or refused to fully pay the liabilities, and after the application of all abatements, payments, and credits, he remains liable to the United States in the amount of $120,444.38, plus statutory additions and interest accruing from and after November 15, 2022.

## COUNT TWO
### (Claim Against Laura S. Hopkins to Reduce Income Tax Liabilities to Judgment)

12. A delegate of the Secretary of the Treasury made assessments against Laura S. Hopkins for income taxes for the periods, on the dates, and in the amounts described below. These liabilities have balances due as November 15, 2022, including assessed and accrued late-filing and late-payment penalties under 26 U.S.C. § 6651 or penalties for failure to make estimated tax payments under 26 U.S.C. §  6654, costs, and statutory interest, and after applying any abatements, payments, and credits, as follows:

| Tax Period Ending | Assessment Date | Assessment Type | Amount Assessed | Balance Due 11/15/2022 |
|---|---|---|---|---|
| 12/31/2006 | 2/18/2013 | Income Tax | $4,496.40 | $9,869.80 |
| 12/31/2007 | 2/18/2013 | Income Tax | $3,907.90 | $7,950.29 |
| 12/31/2008 | 2/18/2013 | Income Tax | $3,460.62 | $6,787.68 |
| 12/31/2009 | 2/18/2013 | Income Tax | $3.314.85 | $6,258.96 |
| 12/31/2010 | 2/25/2013 | Income Tax | $3,074.75 | $5,599.68 |
| 12/31/2011 | 2/18/2013 | Income Tax | $2,965.72 | $5,222.11 |
| Total | | | | $41,688.52 |

13. Notice of the liabilities described in paragraph 12 was given to, and payment demanded from, Laura S. Hopkins.

14. Despite proper notice and demand, Laura S. Hopkins failed, neglected, or refused to fully pay the liabilities, and after the application of all abatements, payments, and credits, she remains liable to the United States in the amount of $41,688.52, plus statutory additions and interest accruing from and after November 15, 2022.

## COUNT THREE
### (Claim Against All Parties to Enforce Federal Tax Liens Against Real Property)

18. The United States incorporates by reference paragraphs 9 through 14 as if specifically realleged herein.

19. Rick A. Hopkins and Laura S. Hopkins jointly obtained title to the Real Property by deed dated July 31, 1996.

20. Because Rick A. Hopkins and Laura S. Hopkins neglected, refused, or failed to pay the liabilities described in paragraphs 9 and 12 after notice and demand, federal tax liens arose pursuant to 26 U.S.C. §§ 6321 and 6322 on the dates of the assessments and attached to the Real Property.

21. Notices of Federal Tax Lien ("NFTL") were filed with the County Recorder of Hamilton County, Ohio, in accordance with 26 U.S.C. § 6323(f) as follows:

| Person | Type of Tax | Tax Periods Ending | Date NFTL Filed | Date NFTL Re-Filed |
|---|---|---|---|---|
| Rick A. Hopkins | Income | 12/31/2006 | 2/1/2013 | 3/30/2022 |
| Rick A. Hopkins | Income | 12/31/2010; 12/31/2011 | 3/15/2013 | 3/30/2022 |
| Rick A. Hopkins | Income | 12/31/2007; 12/31/2008; 12/31/2009; 12/31/2010; 12/31/2011 | 5/20/2013 | 3/30/2022 |
| Rick A. Hopkins | Income | 12/31/2012; 12/31/2013 | 7/17/2015 | N/A |

| Rick A. Hopkins | Income | 12/31/2014 | 2/1/2016 | N/A |
|---|---|---|---|---|
| Laura S. Hopkins | Income | 12/31/2006; 12/31/2007; 12/31/2008; 12/31/2009; 12/31/2010; 12/31/2011 | 3/24/2015 | 4/5/2022 |

22. The United States is entitled to enforce the federal tax liens described in paragraph 20 against the Real Property pursuant to 26 U.S.C. § 7403 and to have the entire Real Property sold in a judicial sale (including by a receiver if requested by the United States), free and clear of all claims, liens, or interests of the parties to this action, including any rights of redemption, with the proceeds of the sale distributed: first, to pay the costs of sale, including any expenses incurred to secure and maintain the Real Property; second, to Hamilton County, Ohio, to pay any real estate taxes due and owing which are entitled to priority under 26 U.S.C. § 6323(b)(6); third, to the United States to pay the liabilities described above, except to the extent that the Court determines that another party has a superior right, title, or interest.

WHEREFORE, the plaintiff United States of America requests the following relief:

A. Judgment against the defendant Rick A. Hopkins for income tax liabilities for the periods ending December 31, 2006, to December 31, 2014, in the amount of $120,444.38, plus statutory additions and interest accruing from and after November 15, 2022, including interest pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c);

B. Judgment against the defendant Laura S. Hopkins, formerly known as Laura L. Stokes, for income tax liabilities for the periods ending December 31, 2006, to December 31, 2011, in the amount of $41,688.52, plus statutory additions and interest accruing from and after

November 15, 2022, including interest pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c);

  C. A determination that the United States has valid and subsisting federal tax liens under 26 U.S.C. §§ 6321 and 6322 securing the liabilities described in paragraphs A through B on the Real Property;

  D. An order enforcing the federal tax liens securing the liabilities described above pursuant to 26 U.S.C. § 7403 against the Real Property by ordering the sale of the entire Real Property in a judicial sale (including by a receiver if requested by the United States), free and clear of all rights, titles, or interests of the parties, including any rights of redemption, with the proceeds of the sale distributed: first, to pay the costs of the sale, including any expenses incurred to secure and maintain the Real Property; second, to the defendant Hamilton County, Ohio to pay any real estate taxes due and owing which are entitled to priority under 26 U.S.C. § 6323(b)(6); third, to the plaintiff United States to pay the liabilities described in paragraphs A through C, except to the extent that the Court determines that another party has a superior claim, lien, or interest; and,

  E. The United States of America shall recover its costs and be awarded such other and further relief as the Court determines is just and proper.

DAVID A. HUBBERT
Deputy Assistant Attorney General
Tax Division, U.S. Department of Justice

*/s/ Kimberly R. Parke*
KIMBERLY R. PARKE
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 55
Washington, D.C.   20044-0055

202-353-0300 (v) / 202-514-5238 (f)
Kimberly.Parke@usdoj.gov

Of Counsel:

KENNETH L. PARKER
United States Attorney